By the COURT:
The verdict in this case ought to be set aside, for the reason that the justice presiding at the trial permitted the plaintiff to testify that he had applied to the board of public works, the board of health, and the Commissioners of the District of Columbia, and failed to obtain employment. There were no allegations in the declaration of special damage which would justify such evidence. To state the plaintiff had been prevented from obtaining profitable employment and had suffered loss thereby, without naming in particular by whom such employment was refused, is too general, and the evidence of particular cases is inadmissible under such a general form of pleading. Moreover, the testimony of the plaintiff does not show that the failure to obtain employment was in consequence of the alleged. slanderous words of the defendant. We think, therefore, the first instruction asked for by the plaintiff ought to have been refused. The second instruction was properly given.
The defendant was examined as to the business of the plaintiff, and as to having been obliged to pay him money, and he was asked on cross-examination if he had spoken the words imputed to him in the pleadings. It is clear that this question was not connected with what the witness had stated in his examination-in-chief, and was therefore objectionable. The answer of the witness, however, was in his own favor, for he testified that he had not spoken the alleged slanderous words. The court can therefore see that the defendant has sustained no injury, and would sustain no injury by the ruling of the court, and would not therefore disturb the verdict on that ground. But for the reason already stated, we are of opinion the verdict ought to be set aside and a new trial granted.